## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. **BRIAN MILLER, an** individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.: 17-CV-672-JED-FHM** |
| | ) | |
| 1. **RENT-A-CENTER, INC., a foreign** corporation, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY'S LIEN CLAIMED** |
| 2. **RENT-A-CENTER EAST, INC., a foreign** corporation, | ) | **FOR THE FIRM** |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT

**COMES NOW** the Plaintiff, Brian Miller (hereinafter "Plaintiff"), by and through his attorney of record Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.* and hereby submits the following *Complaint* against the Defendants, Rent-a-Center, Inc. and Rent-a-Center East, Inc. (hereinafter "Defendants"). In support thereof, Plaintiff would respectfully show as follows:

### PARTIES, JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the common law of the State of Oklahoma.

2. Plaintiff was at all times relevant to this action employed by Defendant within the Northern District of Oklahoma.

3. Plaintiff was at all times relevant to this action domiciled in and a citizen of the State of Oklahoma.

4. Defendant was at all times relevant to this action a foreign corporation which maintained an office in Washington County in the State of Oklahoma.

5. Plaintiff was at all times relevant to this action an employee as that term is defined by Title VII of the Civil Rights Act.

1

6.  Defendants are, and were at all times relevant to this action, an employer as that term is defined by Title VII of the Civil Rights Act.

7.  Defendants were joint employers of Plaintiff during the relevant period.  Alternatively, Defendant Rent-a-Center East, Inc. is the successor in interest to Defendant Rent-a-Center, Inc.

8.  Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States, and pursuant to the doctrine of pendent jurisdiction.

9.  Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Northern District of Oklahoma as a substantial portion of the events or omissions giving rise to this claim occurred in the Northern District of Oklahoma.

10. Plaintiff has exhausted the statutorily required remedies for judicial review under Title VII of the Civil Rights Act by submitting a timely Charge of Discrimination to the U.S. Equal Employment Opportunity Commission.  Attached hereto is Plaintiff's Notice of Right to Sue **[Ex. 1]** received from that agency on September 15, 2017 in regards to his claims of discrimination and retaliation against Defendants.  Plaintiff's Charge of Discrimination and Notice of Right to Sue is incorporated in her *Complaint* as though fully set forth herein.

## OPERATIVE FACTS

11. Plaintiff began working for Rent-A-Center as a Product Delivery Specialist at Store No. 2832 in Bartlesville, Oklahoma on April 21, 2016.

12. In late April 2016 Plaintiff's co-worker, William Patrick Dillon, approached him and asked if Plaintiff was homosexual or bi-sexual. Plaintiff advised Mr. Dillon that he was neither.

13. In early May 2016, Mr. Dillon showed Plaintiff pictures on his cell phone of Mr. Dillon engaging in anal sex with his boyfriend. Plaintiff advised Mr. Dillon that he did not want to see those pictures again.

14. During the following weeks, Mr. Dillon began making very inappropriate comments and behaving inappropriately in Plaintiff's presence. Such behaviors included:

    a. Showing Plaintiff pictures on his cell phone of his penis;

    b. Unzipping his pants, putting his hand inside his pants and touching his penis while asking Plaintiff if he wanted to "suck it or touch it";

    c. Persistently asking Plaintiff to come to his home and "suck and fuck" him and his boyfriend; and

    d. Stating "it is okay that you are married. Your wife can watch".

15. In early June 2016, Plaintiff reported all incidents of sexual harassment to the Credit Manager, Christopher Simmons. Jason Sanchez, Assistant Store Manager, was also present at that meeting. Mr. Simmons responded to Plaintiff's complaint by asking "Was it big?" referring to Mr. Dillon's penis. He then advised me he would take care of it.

16. The sexual harassment by Mr. Dillon continued after Plaintiff reported his behavior to Mr. Simmons.

17. On September 24, 2016, Mr. Dillon pulled his penis out of his pants and asked Plaintiff if he wanted to "play with it." Plaintiff immediately reported this to Mr. Simmons.

18. As of September 27, 2016, nothing was done by Mr. Simmons, so Plaintiff followed the chain of command and reported the sexual harassment to Mr. Craig Peterson, Store Manager. Plaintiff also reported the failure of management to act on his prior complaints at that time.

19. On September 28, 2016, Mr. Dillon approached Plaintiff and stated "I will fill you so full of cum you will poop it out for days." Plaintiff immediately contacted Human Resources and spoke with Nakita LNU to report Mr. Dillon's statement and the other incidents of sexual harassment which had previously occurred.

20. On September 30, 2016, Plaintiff followed up with Human Resources and advised that the sexual harassment continued and nothing was being done about it.

21. On October 8, 2016, Plaintiff left his phone in the office while he was out delivering product. When Plaintiff returned, his phone had been factory reset. Mr. Peterson, Mr. Simmons, and Mr. Sanchez were all aware that the sexual harassment from Mr. Dillon had been documented on Plaintiff's cell phone.

22. Mr. Dillon continued to sexually harass Plaintiff until October 11, 2016.

23. On October 11, 2016, Plaintiff was terminated from his position with Rent-A-Center. When Plaintiff requested a reason for termination, Mr. Peterson advised Plaintiff "there is no room for people who complain at Rent-A-Center." Plaintiff requested a letter of termination from Mr. Peterson at that time, but was advised that he did not have to provide Plaintiff with one. Later that day, Plaintiff again requested a letter of termination. Mr. Peterson informed Plaintiff that he would prepare the letter and Plaintiff could pick it up that evening.

24. On October 11, 2016, when Plaintiff received his letter of termination, it stated Plaintiff was terminated for Motorist Observation Reports, a different reason than originally provided for the termination. Moreover, Plaintiff had not been notified of any recent reports regarding his driving by the company.

25. Plaintiff was subjected to unwelcome sexual harassment during his employment with Defendants, in violation of Title VII of the Civil Rights Act.

26. Plaintiff's employment with Defendants was terminated in retaliation for reporting the sexual harassment he was subjected to as an employee, in violation of Title VII of the Civil Rights Act.

27. As a result of the sexual harassment and the retaliatory discharge, Plaintiff has suffered, and continues to suffer, lost wages and benefits as well as headaches, anxiety and emotional distress.

## FIRST CLAIM FOR RELIEF
## (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

28. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

29. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

30. By and through, but not limited to, the actions described above, Defendants have violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §§ 2000e, *et seq*.

31. As a direct and proximate cause of said actions by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

32. Defendants' actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages in Plaintiff's favor.

33. Plaintiff has been injured by the sexual harassment he was subjected to and is entitled to compensatory and punitive damages and any other damages permitted under Title VII of the Civil Rights Act of 1964 and 1991, as amended.

## SECOND CLAIM FOR RELIEF
## (RETALIATION IN VIOLATION OF TITLE VII)

34. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

35. Plaintiff followed the proper procedures as an employee of Defendants in exercising his federally protected right to report sexual harassment he was being subjected to as an employee in Defendants' employ.

36. Plaintiff reported the discrimination he was subjected to as an employee to a proper agent to receive such complaints.

37. As a direct result of Plaintiff's complaints, Defendants altered the terms, conditions and/or privileges of Plaintiff's employment by, among other retaliatory acts, terminating Plaintiff's employment.

38. As a direct result of Plaintiff's complaint, Defendants retaliated against Plaintiff for exercising his federally protected right to report the sexual harassment he was subjected to in the workplace.

## THIRD CLAIM FOR RELIEF
## (NEGLIGENT SUPERVISION)

39. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

40. Defendants knew or should have known that Defendants' agent and/or employee had a propensity for sexually harassing employees, as demonstrated by the observations of its management and/or supervisory employees, other employee's prior reports of that behavior, and Plaintiff's prior reports of same.

6

41.   That, at the time Defendants' agent and/or employee was sexually harassing Plaintiff,
Defendants had reason to believe that this employee would create an undue risk of harm to
others.

42.   That Defendants failed to act upon this belief.

43.   That Plaintiff was injured because of Defendants' failure to act.

44.   That Plaintiff's injuries are a direct and proximate result of Defendants' failure to act.

**WHEREFORE**, premises considered, Plaintiff prays for a declaration that the conduct
engaged by the Defendants was in violation of Plaintiff's rights; for an award to Plaintiff for the
equitable relief of lost wages, an award of compensatory damages to compensate Plaintiff for the
emotional distress, mental anguish and humiliation she has suffered, and an award of punitive
damages to punish Defendants for violations of federal and state law, all in excess of One Hundred
Thousand Dollars ($100,000.00); award Plaintiff his costs and expenses, including a reasonable
attorney's fee, as provided for by applicable law; award an assessment of damages to compensate
for any tax consequences of this judgment; and for any such further legal or equitable relief this
honorable Court deems just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By:/s/ Charles C. Vaught                    .
**Charles C. Vaught, OBA #19962**
2727 E. 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500 – Telephone
(918) 583-1755 – Facsimile
cvaught@a-vlaw.com
***Attorney for Plaintiff***

7

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Brian T. Miller<br>512 Sooner Rd.<br>Bartlesville, OK 74003 | From: | Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2017-00664 | K. Kelly,<br>Investigator | (405) 231-4353 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_K. Kelly for_

**Holly Waldron Cole,**
**Area Office Director**

September 13, 2017

(Date Mailed)

Enclosures(s)

cc:
Charles Vaught
ARMSTRONG & VAUGHT, PLLC
2727 E. 21st St. Suite 505
Tulsa, OK 74114

Robert Friedman-Littler Mendelson, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX 75201

Jan Marquez, Dir., Lit. Case Management
Rent-A-Center, Inc.
5501 Headquarters Drive
Plano, TX 75024



EXHIBIT
1


RECEIVED
9-15-17